IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR INWAY, INC.,
a Florida corporation,

    Plaintiff,

v.

UNITED WAY
TRANSPORTATION INC.,
an Illinois corporation,

    Defendant.
_____/

Case No:

**JURY DEMAND**

## COMPLAINT

Plaintiff LANDSTAR INWAY, INC. by and through its undersigned counsel, hereby submits and files its Complaint against Defendant UNITED WAY TRANSPORTATION INC., and in support thereof states as follows:

### INTRODUCTION

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR INWAY, INC. ("Landstar"), a transportation broker, and Defendant UNITED WAY TRANSPORTATION INC. ("United"), a motor carrier that provides transportation services, for United's failure to indemnify Landstar for United's loss of a shipment tendered to it pursuant to

the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration with a motor carrier number of MC- 171939 that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier.

4. Landstar is a citizen of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

5. United is an Illinois corporation with its principal place of business in Wheeling, Illinois.

6. United is a for hire motor carrier that was authorized (at all material times hereto) by the Federal Motor Carrier Safety Administration with a motor carrier number of MC- 1025249 to transport property in interstate commerce. At the time of filing this Compliant, United's authority is no longer active.

7. United is a citizen of Illinois for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

8. Because Landstar and United are citizens of different states, and because the amount in controversy, exclusive of interest, costs, and attorneys' fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

9. This Court also has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

10. On or about April 21, 2021, United entered into the Agreement with Landstar wherein United agreed to transport cargo for customers of Landstar. The Agreement is attached hereto as **Exhibit A**.

11. Paragraph 26 of the Agreement provides that:

> Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

12. Accordingly, United consented to the jurisdiction of this Court and to this Court being a proper venue for this action which arises out of and/or relates to the Agreement.

## **GENERAL ALLEGATIONS**

13. Governed by the Agreement, on or about January 4, 2022, Landstar, on behalf of its customer Amtrak, tendered a load of Comet Car wheels sets (the "Load") to United to transport from Morton, Pennsylvania to Oakland, California. A copy of the governing bill of lading for the Load, Bill of Lading No. P463SE, is attached hereto as **Exhibit B**.

14. The Load was tendered to United in Morton, Pennsylvania on or about January 6, 2022 in good condition.

15. United picked up the Load, however, it failed to deliver the Load to the intended consignee. Because the location of the Load was and remains unknown, the Load was reported stolen to the Oakland Police Department.

16. As such, Amtrak made and submitted a Presentation of Loss and Damage Claim dated April 19, 2022 to Landstar representing the total amount of damages suffered by Amtrack ($120,266.96) as a result of United's failure to properly deliver the Load. A true and correct copy of the Presentation of Loss and Damage Claim is attached hereto as **Exhibit C.**

17. Pursuant to the October 1, 2018 Services Contract between Amtrak and Landstar, Landstar was liable to Amtrak for the damages stated in the Presentation of Loss and Damage Claim dated April 19, 2022.

18. Accordingly, Landstar issued payment to Amtrak totaling $120,266.96.

19. Pursuant to the Presentation of Loss and Damage Claim dated April 19, 2022, Landstar is the owner and assignee of said claim. *See,* **Exhibit C**.

20. Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

21. As of the filing of this action, United has failed to accept liability for its loss of the Load.

22. All conditions precedent to this action have occurred, been satisfied, or have been waived.

## **COUNT ONE – BREACH OF CONTRACT**

23. Landstar incorporates paragraphs 1 through 22 as if fully set forth herein.

24. Having duly entered into the Agreement with Landstar, United's carriage of the Load was subject to the Agreement's terms and conditions.

25. Paragraphs 8 and 11 of the Agreement makes United wholly responsible performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services.

26. United breached the Agreement by not successfully delivering the Load and then refusing to respond or cooperate with Landstar in the resolution/payment of the claim.

27. Paragraph 9 of the Agreement makes United responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" United's performance or breach of the Agreement.

28. United further breached the Agreement by failing to indemnify and hold Landstar harmless for the cargo loss, costs, and attorneys' fees Landstar incurred as a result of United's breach of the Agreement.

29. As a direct result of United's failure to deliver the Load to the intended consignee, United is liable for Landstar's actual damages in the amount of $120,266.96.

30. Landstar has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from United which attorney's fees and costs are recoverable under the Agreement.

WHEREFORE, Plaintiff, Landstar Inway, Inc., demands Judgment in its favor and against Defendant United Way Transportation Inc. an award of damages totaling $120,266.96, plus attorneys' fees and costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

## **COUNT TWO - CARMACK AMENDMENT**

31. Landstar incorporates paragraphs 1 through 22 as if fully set forth herein.

32. Plaintiff brings this cause of action based on the assigned rights it possesses from Amtrak.

33. As the motor carrier in possession of the Load, United is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under 49 U.S.C. §14706 (the "Carmack Amendment").

34. As the assignee and owner of the Presentation of Loss and Damage Claim dated April 19, 2022, Landstar is the party entitled to recover the full actual value of the lost property under 49 U.S.C. §14706 (the "Carmack Amendment").

35. As a direct and proximate result of United's failure to properly deliver the Load, Landstar has suffered damages in the amount of $120,266.96.

36. WHEREFORE, Plaintiff, Landstar Inway, Inc., demands Judgment in its favor and against Defendant United Way Transportation Inc. an award of damages totaling $120,266.96, and for any other relief which this Court deems appropriate.

## JURY DEMAND

Landstar hereby demands a trial by jury.

Date: July 18, 2023                    Respectfully submitted,

/s/  Sophia L. Bernard, Esq.
   Sophia L. Bernard, Esq.
   Florida Bar No. 113805
   TAYLOR JOHNSON PL,
   20 3rd Street SW, Suite 209
   Winter Haven, FL 33880
   (863) 875-6950 (tel)
   (863) 875-6955 (fax)
   sbernard@taylorlawpl.com
   efiling@taylorlawpl.com
   lroberts@taylorlawpl.com

*Counsel for Plaintiff*